```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**RORY FOSTER,**

                          **Petitioner,**

            **v.**                                  **CASE NO. 11-3176-SAC**

**STATE OF KANSAS,**

                          **Respondent.**

### O R D E R

This matter comes before the court on a pro se pleading titled as a PETITION FOR WRIT OF HABEAS CORPUS, with reference to petitioner's "former" federal habeas action, Case No. 10-3148-SAC, and petitioner's underlying state criminal case, Allen County District Court Case No. 06-CR-110.

As set forth in his previous federal habeas corpus case, petitioner is a prisoner incarcerated in Kansas pursuant to his conviction on charges of first degree murder, aggravated kidnapping, rape, aggravated criminal sodomy, aggravated arson, aggravated battery, and criminal threat.[1] In the instant action, petitioner again seeks his immediate deportation, and asserts federal habeas, mandamus, and declaratory judgment statutes as jurisdiction to proceed in this court.

Whether the instant pro se action is liberally construed as petitioner's attempt to again seek federal habeas corpus relief under 28 U.S.C. § 2241 regarding the execution of petitioner's state

---

[1] *See State v. Foster*, 290 Kan. 696 (2010).

sentence, or as petitioner's pursuit on some other federal basis for intervention to effect the execution of petitioner's deportation detainer, this court lacks jurisdiction to consider these claims. 8 U.S.C. § 1252(g).  Petitioner was advised in his earlier habeas action of this jurisdictional bar, and presents no apparent legitimate basis for again seeking relief in this court.

Accordingly, the court grants petitioner provisional leave to proceed in forma pauperis,[2] and dismisses the petition.

IT IS THEREFORE ORDERED that petitioner is granted provisional leave to proceed in forma pauperis in this habeas action.

IT IS FURTHER ORDERED that the petition is dismissed, and that petitioner's motion for appointment of counsel (Doc. 2) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 25th day of October 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] The court does so after considering the limited financial resources reflected in petitioner's motion for leave to proceed in forma pauperis filed in a recent civil case that was subject to the filing fee obligations imposed on prisoners filing non-habeas civil actions or appeals in federal court.  *See* 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act in 1996); *Foster v. U.S. Dept. of Homeland Security*, Case No. 11-3163-SAC.

2